IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 08-cv-01165-WYD

IN RE:
RICKY DONOVAN VAN VLEET,

    Debtor,

TOM H. CONNOLLY,

    Plaintiff,

v.

JOHN F. SPAULDING, JR.,

    Defendant.

---

# ORDER

---

## I.    INTRODUCTION

THIS MATTER comes before the Court on Defendant's Motion for Withdrawal of the Reference, dated May 12, 2008. Plaintiff filed a Response to the Motion to Withdrawal the Reference on May 22, 2008, and Defendant filed a Reply in Support of the Motion to Withdrawal the Reference on May 30, 2008. These documents were transmitted to the Bankruptcy Court and were assigned to this Court on June 2, 2008. For the reasons stated below the Defendant's Motion for Withdrawal of the Reference is DISMISSED WITHOUT PREJUDICE.

## II.    FACTUAL BACKGROUND

On October 11, 2006, Ricky Von Vleet ("Debtor") voluntarily filed for relief under Chapter 11 of the Bankruptcy Code. (Docket No. 1). Tom Connolly ("Plaintiff") was

appointed trustee of Debtor's estate by the Bankruptcy Court. This dispute involves a debt allegedly owed to John Spaulding ("Defendant"). Defendant claims that he loaned money to Kakula Island Resort Limited ("KIR"), a Vanuatu company, in which the Debtor has a one hundred percent equity interest. Plaintiff's Complaint ¶¶ 9-11. However, the Plaintiff claims that Defendant actually loaned money to the Debtor. As a result of his bankruptcy the Plaintiff claims that the Debtor should not be liable to the Defendant for the debt.

On April 17, 2008, Plaintiff filed an adversary proceeding with the Bankruptcy Court seeking nine counts of relief: 1) damages for violation of the automatic stay, under 11 U.S.C. §§ 105(a) and 362(k); 2) an injunction to stop Defendant's attempts to appropriate property of the estate under 11 U.S.C. §§ 105(a) and 362(a); 3) a finding that Defendant was in civil contempt because he intentionally violated the Bankruptcy Court's order; 4) damages for civil conspiracy; 5) a declaratory judgment that Defendant is a creditor of the Debtor and not KIR pursuant to 28 U.S.C. § 2201 and Fed. R. Bankr. P. 7001(9); 6) avoidance of the promissory note under 11 U.S.C. § 549; 7) avoidance of the promissory note under 11 U.S.C. § 548; 8) avoidance of the promissory note under Colorado law; and 9) turnover of all property of the bankruptcy estate held by the Defendant pursuant to 11 U.S.C. § 542.

Plaintiff alleges that Defendant is one of many investors in Debtor's "scheme." Plaintiff claims that the Defendant lent the Debtor five hundred thousand dollars ($500,000). Plaintiff presents a notarized letter of agreement signed on June 22, 2006, as evidence that Defendant is a creditor of the Debtor and not KIR. Ex. B, Plaintiff's Complaint. However, the Defendant claims the debt belongs to KIR. He points to a

promissory note, also dated June 22, 2006, made to the Defendant by Debtor on behalf of KIR. *Id.* Plaintiff alleges that the promissory note is a "Sham Note." Plaintiff claims that Defendant forced the Debtor to backdate the "Sham Note" when he learned that the Debtor had filed for bankruptcy. Response to Defendant's Motion for Withdrawal of the Reference ¶ 5. Defendant fails to address the accusation that the promissory note was backdated to avoid the bankruptcy proceedings in his reply.

Defendant claims that he loaned money to KIR and not the Debtor. In general, assets owned by a Corporation are not included in the bankruptcy cases of individual shareholders. *Fowler v. Shadel*, 400 F.3d 1016, 1019 (7th Cir. 2005). KIR is not a party to the bankruptcy proceedings, therefore the Defendant claims that withdrawal of the reference is appropriate. Defendant now asks this Court to withdrawal the reference of the adversary proceeding and exercise jurisdiction in this matter.

II.  Analysis

28 U.S.C. §157(d) sets forth the standards for withdrawal. The statute allows for both mandatory and permissive withdrawal. *In re Baker*, 86 B.R. 234, 237 (D.Colo 1988). The statute states that withdrawal is required when, "resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organization or activities affecting interstate commerce." 28 U.S.C. §157(d). This statute has been interpreted to mean that mandatory withdrawal is required when the district court, "can make an affirmative determination that resolution of the claims will require *substantial* and *material* considerations of those non-code statutes." *See In re Baker*, 86 B.R. at 237 (Emphasis in original); *In re Lenard*, 124 B.R. 101, 102 (D.Colo 1991) (Emphasis in original). Courts have distinguished between having to make a

significant interpretation of the law and applying the law to the facts of the case. If a bankruptcy court is only required to apply the law to the facts of the case, mandatory withdrawal is not necessary. *Id*.

Under the circumstances, I find that mandatory withdrawal is not required in this case. Resolution of this issue does not require the Bankruptcy Court to make substantial or material consideration of non-code statutes. Rather, if the Bankruptcy Court were to hear this matter the Court would only need to apply the law to the facts of this case.

To determine if permissive withdrawal is appropriate I must determine whether this matter concerns core, or non-core issues. 28 U.S.C. §157(b). Core issues are defined, but not limited, by statute. 28 U.S.C. §157(b)(2)(A)-(P). Bankruptcy judges may hear all cases and core proceedings arising under title 11, or arising in a case under title 11. 28 U.S.C. §157(b)(1). Thus, the Bankruptcy Court properly has jurisdiction of non-bankruptcy claims if they arise from a bankruptcy case.

Plaintiff seeks several remedies under title 11. The Plaintiff's first, second, sixth, seventh and ninth claims are all claims for relief under title 11. *See* Plaintiff's Complaint. Additionally, the Bankruptcy Court has deemed Plaintiff's claims, three, four, five and eight to be "core" claims because each involves enforcement of the Bankruptcy Court's previous order. Order Denying Motion to Dismiss for Lack of Subject Matter Jurisdiction (Docket No. 66). I find the Bankruptcy Court's determination instructive in this matter.

To find that this case involves core issues I would have to assume that the Defendant is a creditor of the Debtor and not KIR. In the alternative, finding that this

case involves core issues would require that I find that KIR is an alter ego of the Debtor. Based on the record I cannot make either assumption. It is not clear to whom the Defendant actually loaned money in this case.

Plaintiff and Defendant disagree about materials facts of this case. Both present evidence to support his theory, however, neither presents sufficient evidence for me to find that his theory is correct. The Defendant points to the Promissory Note dated June 22, 2006, as evidence that he is a creditor of KIR and not the Debtor. Ex. B. Plaintiff's Complaint. However, the Plaintiff asserts that this promissory note was backdated by the Debtor based on Defendant's attempt to circumvent the bankruptcy proceedings. Plaintiff asserts that the notarized letter of agreement should control. Ex. B. Plaintiff's Complaint. The existence of these two documents leaves doubt as to which document is controlling. Therefore withdrawal of the reference is not appropriate at this time.

Further, Plaintiff alleges that the entire sum of money purportedly lent to KIR was deposited into the Debtor's personal bank account. Plaintiff's Response to Motion for Withdrawal of the Reference ¶ 4. Defendant fails to address this issue. His only argument is that the debt is an obligation of KIR and not the Debtor. *See* Defendant's Reply in Support of Motion for Withdrawal of the Reference. If the entire sum of money lent to KIR was deposited into the Debtor's personal bank account this is evidence that KIR is the alter ego of the Debtor. If KIR is the alter ego of the Debtor than it may be appropriate for the Bankruptcy Court to pierce KIR's corporate veil. Piercing the corporate veil is appropriate when there is a unity between the corporation and the individual such that the personalities and assets of the corporation and the individual are indistinct, or when adherence to the corporate fiction would promote injustice or

fraud or would lead to evasion of legal obligations. *NLRB v. Greater Kan. City Roofing*, 2 F.3d 1047, 1052 (10th Cir. 1993) (citation omitted). Additionally, a court may pierce the corporate veil in situations where the corporation is a "mere instrumentality for the transaction of the shareholders" own affairs, and there is such unity of interest in ownership that the separate personalities of the corporation and the owners no longer exists. *In re Philips*, 139 P.3d 639, 644 (Colo. 2006) (citation omitted). If KIR is a separate and distinct entity it would be appropriate for me to withdraw the reference because KIR is not a party to the bankruptcy proceeding. However, if KIR is merely an alter ego of the Debtor then withdrawal of the reference is not appropriate. Based on the evidence presented, I cannot conclude definitively that KIR is a separate and distinct entity.

In support of his motion for withdrawal fo the reference, Defendant claims that the Bankruptcy Court does not have jurisdiction over this matter because the issue has already been litigated in Vanuatu. Defendant filed a claim in Vanuatu against KIR in order to receive payment on his loan. KIR did not answer the complaint, and the court in Vanuatu entered a default judgment against KIR. Defendant claims that the action in Vanuatu divested this Court, and all other courts in the United States, of jurisdiction in this matter. Defendant's Reply to Motion for Withdrawal of the Reference ¶ 23. However, the Defendant fails to mention that he filed suit in Vanuatu after the Debtor filed for bankruptcy in Colorado, and after the Plaintiff was given permission by the Bankruptcy Court to manage and operate the estate's assets located in Vanuatu, including KIR. *See* Order Denying Defendant's Motion to Dismiss. The same or substantially similar issues that are presented in this case were already being litigated in

the United States. It would have been appropriate for the Defendant to have brought his law suit here. The Defendant accuses the Plaintiff of forum shopping. However, it appears that the Defendant was engaging in forum shopping when he filed a law suit in Vanuatu, instead of in the United States courts, where issues involving the Debtor and his connection with KIR were already being litigated.

I find it instructive that the Bankruptcy Court is treating KIR as the alter ego of the Debtor. The Bankruptcy Court granted permission to the Plaintiff to negotiate a settlement agreement between KIR and the Government of The Republic of Vanuatu.[1] Plaintiff's authority to manage and operate KIR and act as the sole officer is indicative of the fact that KIR is not a separate and distinct entity from the Debtor. If KIR is not a separate and distinct entity it should be considered part of the Debtor's bankruptcy estate. If KIR's assets are determined to be a part of the Debtor's bankruptcy estate the issues raised by Plaintiff are core issues and the Bankruptcy Court properly has jurisdiction over this matter. Neither party has presented enough information to allow me to determine conclusively whether KIR is a separate entity or merely the Debtor's alter ego.

Additionally, the Bankruptcy Court found jurisdiction was appropriate in this case. (Docket No. 66). The Bankruptcy Court ruled on this matter first when it issued a

---

[1] KIR has a judgment pending against the Government of the Republic of Vanuatu that is unrelated to this case. The government of Vanuatu is currently appealing the court's decision. On January 7, 2008, the Bankruptcy Court entered an Interim Order allowing the Trustee to negotiate a settlement between KIR and the government of Vanuatu.

Preliminary Injunction Order.[2]  *Id.*  The Bankruptcy Court also found that the issues presented in this case are core issues.[3]  *Id.*  Based on the evidence presented by both parties, I agree with the Bankruptcy Court and find that it has jurisdiction over this matter.

Determining whether the resolution of this issue is a core or non-core issue depends on the facts of the case.  Here the parties dispute the facts.  If KIR is an alter ego of the Debtor, or if the Defendant actually loaned money to the Debtor, than this is a core issue and it would be appropriate for the Bankruptcy Court to hear this case.  On the other hand, if KIR is a separate and distinct entity from the Debtor, the assets of KIR cannot become part of the Debtor's bankruptcy estate.  *Fowler* at 1019.  Due to conflicting evidence regarding to whom the Defendant lent money, I cannot find that this matter concerns non-core issues.  Based on the evidence presented by each party, I find that it is not appropriate to withdraw the reference in this case.

IV.     CONCLUSION

Based on the forgoing, it is

ORDERED that Defendant's Motion for Withdrawal of the Reference is **DISMISSED WITHOUT PREJUDICE.**

---

[2] The Bankruptcy Court entered a Preliminary Injunction Order on April 18, 2008, requiring Defendant to refrain from efforts to enforce the Default Judgement and to dismiss his case in Vanuatu.

[3] The Bankruptcy Court held that claims one, two, six, seven and nine are "core" issues. The Bankruptcy Court also found that claims three, four, five and eight were "core" issues because they deal with the Bankruptcy Court enforcing its own Orders, administration of the Estate and claims of the Estate.  (Docket No. 66).

Dated: October 10, 2008

                      BY THE COURT:

                      <u>s/ Wiley Y. Daniel</u>
                      Wiley Y. Daniel
                      U. S. District Judge